IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN INDIANA

| | |
|---|---|
| **JESSE VARGAS,** <br>     **PLAINTIFF,** <br>     v. <br> **LAKE COUNTY, INDIANA,** <br> **BRIAN MARSH (Ind. Cap),** <br>     **DEFENDANT.** | ) CASE:  20cv103 <br> ) JUDGE <br> ) MAG. JUDGE <br> ) <br> ) <br> ) |

**VERIFIED COMPLAINT FOR**
**MONETARY RELIEF**

NOW COMES Plaintiff-POLICE OFFICER JESSE VARGAS, by counsel, Christopher Cooper, and files this complaint pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000e, against DEFENDANTS LAKE COUNTY AND BRIAN MARSH. Plaintiff states as follows through counsel:

**Nature of Case**

Plaintiff is employed by Lake County, Indiana (COUNTY) as a Sheriff's Police Officer. Brian Marsh, is too employed by the County as a police officer. Marsh holds the rank of Deputy Commander (DC). He is superior in rank to the Plaintiff. Plaintiff is of Mexican descent. The Defendants are aware that Plaintiff is of Mexican descent. On December 19, 2019, Commander Marsh, while on duty, walked into the police academy (Plainfield location). Plaintiff and other police officers were present. Plaintiff sat down and Mr. Marsh approached Plaintiff in a threatening and aggressive manner, then stated to the Plaintiff: *"I don't really care if you hate me, I could care less…I could care less if you hate me, I'm not gonna lose sleep over it."* Defendant Marsh

1

walked out of the room and returned in a matter of seconds, then shouted (emp., on shouted): **"Yea, I think I'm gonna [sic] have me some Mexican today!"** Plaintiff intentionally ignored the Defendant. When Plaintiff noticeably ignored Commander Marsh, Mr. Marsh now frustrated with no reaction from Plaintiff, shouted again**: "I'm gonna [sic] have me some Mexican today!"** With still with no reaction from the Plaintiff, Defendant Marsh shouted for a third time: "**I'm gonna [sic] have me some Mexican today!"**

## Jurisdiction & Venue

(1)  Jurisdiction of this court arises under 28 U.S.C. §§1331, and 42 U.S.C. §1983; §1988 for attorney fees; and, 42 U.S.C. §2000e (Title VII).

(2)  Venue is had through 28 U.S.C. § 1391. Defendants are residents of Indiana in the geographic area in which the U.S. District Court for Northern Indiana is located; and, that a substantial part of the events or omissions giving rise to the claims herein, occurred in this district.

## Parties

(3)  Plaintiff JESSE VARGAS is a legal adult and resident of Lake County, Indiana. Plaintiff was harmed by the Defendants in Lake County and Hendricks County, Indiana.

(4)  BRIAN MARSH (IS SUED IN HIS INDIVIDUAL CAPACITIES AS TO SECTION 1983) is a legal adult and resident of Lake County, Indiana.

Defendants injured and harmed the Plaintiff in Lake County and Hendricks, Indiana.

(5) Defendant LAKE COUNTY is an incorporated municipality known as Lake County, Indiana. The County is sued pursuant to Title VII and AS AN INDEMINTOR as to Defendant Marsh. The County is the employer of Defendant Marsh and the Plaintiff. The County's principal place of business is 2293 N. Main Street • Crown Point, IN 46307-1854. The municipality harmed Plaintiff in Lake County and Hendricks County, Indiana.

## Facts

(1) Plaintiff is employed by the County as a police officer.

(2) Defendant Marsh is employed by the County as a police officer.

(3) Marsh holds the rank of deputy commander.

(4) He is one of Plaintiff's superiors.

(5) He is one of the people to whom the Plaintiff must report.

(6) On December 19, 2019, Commander Marsh, on duty, walked into the police academy (Plainfield location).

(7) Plaintiff and other police officers were present.

(8) Plaintiff sat down.

(9) Marsh approached in a threatening and aggressive manner, then stated to the Plaintiff: "I don't really care if you hate me, I could care less…I could care less if you hate me, I'm not gonna lose sleep over it."

(10)  Defendant Marsh walked out of the room and returned within seconds, then shouted (emp., on shouted): **"Yea, I think I'm gonna have me some Mexican today!"** Plaintiff intentionally ignored the Defendant. When Plaintiff noticeably ignored Commander Marsh, Mr. Marsh now frustrated with no reaction from Plaintiff, shouted again**: "I'm gonna have me some Mexican today!"** With still with no reaction from the Plaintiff, Defendant Marsh shouted for a third time: "**I'm gonna have me some Mexican today!**"

(11)  Defendant filed an EEOC Form 5.  This Complaint is filed within 90 days of receipt of the Right-to-Sue-Letter.

### COUNT I: 42 U.S.C. § 1983 CLAIM
### Applies to Defendant Marsh

(1)     Plaintiff repeats, re-alleges, and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2)     Defendant was acting under color of law at all times.[1]

(3)     Defendant had authority over the Plaintiff.

(4)     Defendant deprived Plaintiff of a U.S. Constitutional right to be free from racial and ethnic discrimination.

(5)     Defendant's actions were motivated by [his] animus, namely that of dislike of persons or police officers who are Mexican.

---

[1] At such time that 180 days from service of a Tort Claim Notice comes to pass, Plaintiff may plead in the alternative that Defendant was not acting within the scope of his employment.

(6)    Plaintiff found Mr. Mr. Marsh's conduct offensive.

(7)    A reasonable person would have found Mr. Marsh's conduct to be ethnically and racially offensive.

(8)    Mr. Marsh's conduct falsely imprisoned the Plaintiff.

(9)    All of the above described conduct by Mr. Marsh, was willful and wanton.

(10)   Defendant did subject Plaintiff to discriminatory treatment because the Plaintiff is Mexican.

(11)   Defendant's conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

(12)   Plaintiff suffered harm to include pain and suffering; stigma; humiliation;[2] and, stress (garden variety).

WHEREFORE, and that there is sought, judgment against Defendants jointly and severally for actual, general, special, compensatory damages in the amount in excess of $200,000, plus punitive damages and further demands judgment against Defendant for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

---

[2] Any use of the term humiliation in the complaint is inclusive of damage to a person's dignity.

## COUNT II:  42 USC 2000e
## Applies to Defendant County

1. Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs (including the "Facts" section) with the same force and effect as if herein set forth.

2. Defendant discriminated against Plaintiff in terms and conditions of [his] employment because Plaintiff is of Mexican race and ethnicity.

3. Because Plaintiff is Mexican, Defendant discriminated against Plaintiff by way of creating a hostile work environment in violation of Title VII, 42 U.S.C. § 2000e.

4. And, that Defendant violated Title VII by engaging in, tolerating and failing to prevent discrimination averred herein, by failing to take affirmative action to correct and redress these unlawful employment practices.

5. The conduct by the County made for a material adverse action taken against Plaintiff, namely alteration of terms and conditions of employment.

6. Defendant County subjected Plaintiff to serious and pervasive racial-ethnic discrimination, where Defendant Marsh engaged in the averred conduct and where Defendant County, on notice, did not act reasonably in response.

7. The conduct of Defendant caused Plaintiff's terms and conditions of employment to be altered which include creation and maintenance of an abusive\hostile working environment.

8. Plaintiff was detrimentally affected by the conduct and such conduct would have detrimentally affected a reasonable person.

9. Plaintiff complained to management of the misconduct.

10. The harassment directed at Plaintiff was either intended to cause him distress (stress) or was perpetrated with malice or reckless indifference to the likelihood that it would cause such distress. Plaintiff suffered harm to include deprivation of constitutional rights, pain and suffering; stigma damage; humiliation; stress; and legal fees.

11. As of today's date, March 13, 2020, the County has failed to take action against Defendant Marsh for the germane Title VII violative conduct.

12. Defendant County's conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

WHEREFORE, and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in the amount of $350,000.00, plus punitive damages and further demands judgment against Defendant for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**\*Plaintiffs hereby make a demand for a Jury.**

DATED: March 13, 2020
Respectfully Submitted,  s\Christopher Cooper, ESQ., Plaintiffs' Counsel

A FRATERNAL ORDER OF POLICE LEGAL DEFENSE PLAN COUNSEL
Law Office of Christopher Cooper, INC.
105 W.  Madison Street, Suite 1350, Chicago, IL 60602
Tel: 312 473 2968; FAX: 866 334 7458; E-Mail: cooperlaw3234@gmail.com

Pursuant to 28 U.S.C. 1746, I, JESSE VARGAS, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents thereof to the best of my ability as a non-lawyer, and the same are true and correct to the best of my knowledge.

s\Jesse Vargas, 3-13-20